1  Adam J. Thurston (SBN: 162636)
   Melissa B. Bonfiglio (SBN: 223172)
2  **EISENBERG RAIZMAN THURSTON & WONG LLP**
3  10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone: (310) 445-4409
5  Facsimile:  (310) 445-4410
   E-mail:    athurston@ertwllp.com
6             mbonfiglio@ertwllp.com
7
   Michael R. Friscia (to apply *pro hac vice*)
8  **MCCARTER & ENGLISH LLP**
   Four Gateway Center
9  100 Mulberry Street
   Newark, New Jersey 07102
10 Telephone: (973) 622-4444
11 Facsimile:  (973) 624-7070
   E-mail:    mfriscia@mccarter.com
12
   Attorneys for Plaintiffs
13 ASICS CORPORATION and
   ASICS AMERICA CORPORATION
14

15              **UNITED STATES DISTRICT COURT**
16              **CENTRAL DISTRICT OF CALIFORNIA**

17 | ASICS CORPORATION, a Japanese | Case No. **CV08-06407 AHM (JCx)**
18 | corporation; and ASICS AMERICA |
19 | CORPORATION, a California corporation, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**
20 |  |
21 | Plaintiffs, | (1) FEDERAL TRADEMARK INFRINGEMENT [LANHAM ACT § 32(1)]
22 | v. |
23 |  | (2) FEDERAL UNFAIR COMPETITION [LANHAM ACT § 43(A)]
24 | DOLCE & GABBANA, S.R.L., an Italian corporation; and DOLCE & GABBANA USA INC., a Delaware corporation, | (3) FEDERAL TRADEMARK DILUTION [LANHAM ACT § 43(C)]
25 |  |
26 |  | (4) TRADEMARK INFRINGEMENT UNDER STATE LAW [CAL. BUS. & PROF. CODE § 14320]
27 | Defendants. |
28 |  | (5) TRADEMARK INFRINGEMENT

[STATE LAW]
(6) TRADEMARK DILUTION UNDER STATE LAW [CAL. BUS. & PROF. CODE § 14330]
(7) FALSE ADVERTISING [STATE LAW]; AND
(8) UNFAIR COMPETITION [STATE LAW]

**DEMAND FOR JURY TRIAL**

Plaintiffs ASICS Corporation and ASICS America Corporation (collectively, "ASICS"), by and through their undersigned attorneys, for their complaint against the Defendants, Dolce & Gabbana S.r.l. and Dolce & Gabbana USA, Inc. (collectively, "Defendants") allege as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, unfair competition, trademark dilution, false advertising and other relief arising under the trademark laws of the United States, specifically 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and the statutes and common law of the State of California.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because ASICS' claims arise under the trademark laws of the United States. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over ASICS' claims that arise under the laws of the State of California.

3. This Court has personal jurisdiction over the Defendants because they transact business in the State of California.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district, and each party is subject to personal jurisdiction in this judicial district.

## PARTIES

5. Plaintiff ASICS Corporation is a corporation organized and existing under the laws of Japan with its principal place of business located at 1-1, Minatojima-Nakamachi 7chome Chuo-ku, Kobe, 650-8555 Japan.

6. Plaintiff ASICS America Corporation, a subsidiary of ASICS Corporation, is a corporation organized and existing under the laws of the State of California with its principal place of business located at 29 Parker, Suite 100, Irvine, California 92618.

7. ASICS Corporation is the owner of the trademark at issue in this case, and ASICS America Corporation is the exclusive licensee in the United States for the trademark. ASICS designs, manufactures and markets high quality athletic and fashion footwear, related apparel and accessory products. Among other things, ASICS owns, and identifies its products using, a famous stripe design trademark, as described below.

8. Upon information and belief, Defendant Dolce & Gabbana S.r.l. is a corporation organized and existing under the laws of Italy with its principal place of business located at 7 Via Santa Cecilia, 20122, Milan, Italy.

9. Upon information and belief, Defendant Dolce & Gabbana USA, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business located at 660 Madison Avenue, New York, New York 10021. Upon information and belief, Dolce & Gabbana USA, Inc. is a subsidiary of Dolce & Gabbana S.r.l.

10. Upon information and belief, Defendants have manufactured, imported, advertised, promoted, distributed and/or sold footwear in the United States, and particularly in this judicial district, including at the D&G Dolce & Gabbana store located at South Coast Plaza, 3333 Bristol Street, Costa Mesa, California 92626, that infringes on ASICS' famous stripe design trademark.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF

## ASICS' STRIPE DESIGN TRADEMARK

11.     ASICS consistently identifies its products through the use of a registered, distinctive and famous stripe design trademark (the "Stripe Design" mark) that it prominently displays on its footwear and other products. ASICS has used its Stripe Design mark prominently and continuously for over forty years to identify ASICS as the source of products bearing this mark. During this period, ASICS has committed enormous amounts of time, effort and money to developing a widely respected reputation as one of the premier manufacturers of high quality footwear and related apparel. Virtually all of ASICS' footwear products bear the Stripe Design mark.

12.     An example of ASICS' famous and highly recognizable Stripe Design mark, as presented in ASICS' U.S. Trademark Registration No. 1,303,804, is shown below:



13.     A second example of ASICS' famous and highly recognizable Stripe Design mark, as presented in ASICS' U.S. Trademark Registration No. 937,464, is shown below:



# THE STRENGTH OF
# ASICS' STRIPE DESIGN MARK

14. Since at least as early as October 1966, and long prior to any use of a similar design by Defendants, ASICS has been continuously and exclusively using the Stripe Design mark on virtually every footwear product that ASICS has sold. Through ASICS' extensive use, advertising and promotion of the Stripe Design mark, the public easily recognizes that products bearing the Stripe Design mark, particularly footwear, have emanated from ASICS and are of the high quality of an ASICS shoe.

15. ASICS obtained its first registration of the Stripe Design mark on July 11, 1972, as Registration No. 937,464, for use of the Stripe Design mark on many types of shoes, including, but not limited to, running shoes. The date of first use of the mark was at least as early as October 1966.

16. ASICS also has obtained a number of other trademark registrations for its Stripe Design mark for use on athletic shoes and other products, including: (i) Registration No. 1,273,516 for duffle bags and other products (first used July 1973); (ii) Registration No. 1,273,615 for sports shoes and sportswear (first used February 1973); (iii) Registration No. 1,303,804 for shoes and apparel (first used February 1967); (iv) Registration No. 1,781,511 for socks, hats, inner soles, sock liners, and sandals (first used December 1972); (v) Registration No. 3,310,856 for footwear (first used October 1966); (vi) Registration No. 3,282,259 for footwear (first used October 1966); (vii) Registration No. 3,293,239 for footwear (first used October 1966); (viii) Registration No. 3,310,855 for footwear (first used October 1966); (ix) Registration No. 3,310,852 for footwear (first used October 1966); (x) Registration No. 3,315,909 for footwear (first used October 1966); (xi) Registration No. 3,310,851 for footwear (first used October 1966); and (xii) Registration No. 3,322,627 for footwear (first used October 1966).

17. All of ASICS' registrations are in full force and effect, and

Registration Nos. 937,464, 1,273,516, 1,273,615, 1,303,804. and 1,781,511 have become incontestable pursuant to 15 U.S.C. § 1065.

18. For over forty years, ASICS has widely advertised and promoted its Stripe Design mark in numerous and diverse advertising media, including print, television and the Internet, in order to promote the strength and renown of the Stripe Design mark. ASICS' advertisements and promotions virtually always bear the Stripe Design mark on the subject footwear, apparel and accessories, indicating ASICS as the source of these high-quality products. Frequently, ASICS' advertisements and promotions feature the Stripe Design mark by itself. ASICS also promotes the Stripe Design mark through agreements with retailers, who place advertisements that prominently feature the Stripe Design mark.

19. One very important method by which ASICS advertises and promotes the Stripe Design mark is through its catalogs, which it publishes at least biannually and which since 1966 have consistently displayed the Stripe Design on ASICS footwear, apparel and accessories. ASICS also widely advertises its products in magazines such as *People, Shape, Self, Women's Sports and Fitness, Sports Illustrated* and *Runner's World.*

20. In addition, the independent media has extensively covered ASICS' high-quality footwear bearing the Stripe Design mark, which has contributed to the renown of the Stripe Design mark.

21. The design and labeling of virtually all ASICS' products consistently and prominently displays the Stripe Design mark.

22. ASICS also includes the following notice in its advertisements and on its catalogs:

> The stripe design featured on the sides of ASICS shoes is a trademark of ASICS Corporation and is a registered trademark in most countries of the world.

23. ASICS has achieved a high level of commercial success in selling products bearing its Stripe Design mark, and has built a valuable reputation and substantial goodwill, with which the Stripe Design mark has become synonymous.

24. Indeed, the distinctive Stripe Design mark has become a famous mark and is entitled to the utmost protection, and ASICS is entitled to immediate injunctive relief against any unauthorized use.

## DEFENDANTS' INFRINGEMENT

25. Defendants have recently begun to manufacture, import, distribute, license and/or sell footwear in interstate commerce throughout the United States, including within the State of California, utilizing a mark that infringes upon ASICS' famous Stripe Design mark.

26. In particular, Defendants are selling shoes under its D&G line bearing a mark that infringes ASICS' famous Stripe Design mark at retail shoe stores and via the Internet.

27. Defendants have placed their infringing shoes in competition with ASICS' shoes bearing the Stripe Design mark and are attempting to "pass off" their shoes as high-quality ASICS' shoes.

28. Defendants' first sales of their infringing shoes occurred about forty years after ASICS' first use of the Stripe Design mark.

29. Upon information and belief, Defendants have engaged in intentional infringement by designing shoes that include a stripe design that is confusingly similar to ASICS' famous Stripe Design. One example of Defendants' infringing shoes is shown below beside an ASICS shoe bearing the famous Stripe Design mark:

/ / /
/ / /
/ / /
/ / /

| DEFENDANTS' SHOE | ASICS' SHOE |
|---|---|
| | |

30. A second example of Defendants' infringing shoes is shown below beside an ASICS shoe bearing the famous Stripe Design mark:

| DEFENDANTS' SHOE | ASICS' SHOE |
|---|---|
| | |

31. A third example of Defendants' infringing shoes is shown below beside an ASICS shoe bearing the famous Stripe Design mark.



32. A fourth example of Defendants' infringing shoes is shown below beside an ASICS shoe bearing the famous Stripe Design mark.

| DEFENDANTS' SHOE | ASICS' SHOE |
|---|---|
| | |

33. A fifth example of Defendants' infringing shoes is shown below beside an ASICS shoe bearing the famous Stripe Design mark:



| DEFENDANTS' SHOE | ASICS' SHOE |
|---|---|

34. Upon information and belief, Defendants have engaged in intentional infringement by designing shoes that include a stripe design that is confusingly similar to ASICS' famous Stripe Design.

35. Defendants' sale of their infringing footwear is likely to cause confusion, mistake and deception among purchasers such that purchasers of the infringing shoes are likely to be confused as to the existence of an association, connection or relationship between ASICS and the Defendants.

36. Upon information and belief, Defendants have acted willfully, in bad

faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill encompassed in ASICS' Stripe Design mark to capitalize on ASICS' highly respected reputation as a high-quality footwear company.

37. Further, upon information and belief, Defendants have manufactured, imported, distributed, sold and/or continue to sell shoes that are colorable imitations of ASICS' athletic shoes bearing the Stripe Design.

38. ASICS is in need of injunctive relief to bring an end to the irreparable harm caused by the sale of the Defendants' shoes that infringe on ASICS' famous Stripe Design mark. Without an injunction, Defendants will undoubtedly continue to sell the infringing shoes and cause additional confusion in the marketplace and further dilute the distinctiveness of ASICS' Stripe Design mark.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT

39. ASICS repeats and realleges each and every allegation contained in paragraphs 1-38 of the complaint as though fully set forth herein.

40. By the acts and omissions set forth above, Defendants have infringed and continue to infringe ASICS' rights regarding ASICS' federal trademark registrations, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendants' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with ASICS' ability to use its mark to indicate a single quality controlled source of goods and services.

41. ASICS has suffered, is suffering, and will continue to suffer irreparable injury for which ASICS has no adequate remedy at law. ASICS is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

42. Defendants have profited and are profiting from such infringement,

and ASICS has been and is being damaged by such infringement. ASICS is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

43. Defendants' aforesaid infringing conduct has been willful, wanton and malicious and done with an intent to deceive. ASICS is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a). ASICS is also entitled to, among other things, the cost of corrective advertising.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION

44. ASICS repeats and realleges each and every allegation contained in paragraphs 1-43 of the complaint as though fully set forth herein.

45. Defendants' acts as alleged herein also constitute false designation of origin, unfair competition and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

46. ASICS is informed and believes, and based thereon alleges, that Defendants will continue to violate ASICS' trademark rights unless enjoined from doing so. ASICS has been and continues to be irreparably injured as a result of Defendants' infringement, and has no adequate remedy at law. ASICS is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

47. Defendants have profited and are profiting from such infringement, and ASICS has been and is being damaged by such infringement. ASICS is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

48. Defendants' aforesaid wrongful conduct has been willful, wanton and malicious and done with an intent to deceive. ASICS is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages,

pursuant to 15 U.S.C. § 1117(a). ASICS is also entitled to, among other things, the cost of corrective advertising.

### THIRD CLAIM FOR RELIEF
### FEDERAL TRADEMARK DILUTION

49. ASICS repeats and realleges each and every allegation contained in paragraphs 1-48 of the complaint as though fully set forth herein.

50. As a result of ASICS' long-term, continuous, and extensive use and promotion of the Stripe Design mark for over forty years, the Stripe Design is, and was prior to Defendants' misconduct alleged herein, distinctive and famous in California, the United States and worldwide, enjoying substantial recognition, goodwill, and association with ASICS. The public distinguishes ASICS' goods from those of others on the basis of the Stripe Design mark. The Stripe Design mark has gained strong public recognition and is eligible for protection against dilution pursuant to 15 U.S.C. § 1125(c).

51. Defendants' use of the Stripe Design mark as alleged herein is likely to dilute the strength and value of the Stripe Design mark, and Defendants' conduct has eroded and will continue to erode the extent to which the Stripe Design mark is associated with ASICS, all to the commercial detriment of ASICS.

52. Defendants' use of the Stripe Design mark in the unfair and wrongful manner alleged herein is likely to tarnish and/or otherwise degrade the value of the Stripe Design mark, to the commercial detriment of ASICS.

53. Defendants' dilution of the distinctive quality of the Stripe Design mark has caused, and if not enjoined will continue to cause, irreparable harm to ASICS. ASICS therefore is entitled to injunctive relief.

54. Defendants' aforesaid wrongful conduct has been willful, wanton and malicious and done with intent. ASICS is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1125(c) and 15 U.S.C. § 1117(a).

1 ASICS is also entitled to, among other things, the cost of corrective advertising.

## FOURTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER STATE LAW
## [CALIFORNIA BUS. & PROF. CODE § 14320]

55. ASICS repeats and realleges each and every allegation contained in paragraphs 1-54 of the complaint as though fully set forth herein.

56. By the acts and omissions set forth above, Defendants have infringed and continue to infringe ASICS' rights regarding ASICS' federal trademark registrations, in violation of California Business and Professions Code §§ 14320 and 14330. Defendants' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with ASICS' ability to use its mark to indicate a single quality control source of goods and services.

57. ASICS has suffered, is suffering, and will continue to suffer irreparable injury for which ASICS has no adequate remedy at law. ASICS is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

## FIFTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER STATE LAW
## [CALIFORNIA COMMON LAW]

58. ASICS repeats and realleges each and every allegation contained in paragraphs 1-57 of the complaint as though fully set forth herein.

59. Defendants have, without authorization from ASICS, used the Stripe Design mark or marks similar to ASICS' Stripe Design to advertise, distribute, sell and offer to sell shoes.

60. Defendants' acts as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with ASICS, and as to origin, sponsorship, or approval of Defendants' goods by ASICS.

61. Defendants' unauthorized acts constitute direct infringement of ASICS' federal trademarks in violation of California common law.

62. On information and belief, Defendants' conduct is intentional, malicious, and wanton in that Defendants infringed and continue to infringe ASICS' federal trademarks (i) with full knowledge that ASICS owns and has the exclusive right to use its federal trademarks, (ii) with the intention of causing a likelihood of confusion and mistake and to deceive, and (iii) with the intention of eliminating competition from ASICS.

63. ASICS has suffered, is suffering, and will continue to suffer irreparable injury for which ASICS has no adequate remedy at law. ASICS is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

## SIXTH CLAIM FOR RELIEF
## TRADEMARK DILUTION UNDER STATE LAW
## [CALIFORNIA BUS. & PROF. CODE § 14330]

64. ASICS repeats and realleges each and every allegation contained in paragraphs 1-63 of the complaint as though fully set forth herein.

65. Defendants' acts as alleged herein are likely to cause injury to ASICS' business and reputation and dilute the distinctive quality of the Stripe Design mark. Defendants knew and intended these acts to dilute the Stripe Design mark, and to injure ASICS' business and reputation. Defendants' acts constitute trademark dilution under California Business and Professions Code §§ 14330 and 14335, and California common law.

66. Absent injunctive relief, ASICS has no means by which to control Defendants' dilution of ASICS' mark. ASICS is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of dilution and unfair competition.

## SEVENTH CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER STATE LAW
## [CALIFORNIA BUS. & PROF. CODE §§ 17500, 17535]

67. ASICS repeats and realleges each and every allegation contained in paragraphs 1-66 of the complaint as though fully set forth herein.

68. Defendants' acts as alleged herein constitute the use of deceptive, untrue and misleading advertising, of which Defendants knew or should have known, thereby impairing ASICS' goodwill and otherwise adversely affecting ASICS' business and reputation. These acts constitute false advertising under California Business and Professions Code §§ 17500 and 17535, and California common law.

69. Money damages will not adequately remedy ASICS' injuries. ASICS is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of false and misleading advertising.

70. ASICS is also entitled to damages, Defendants' profits, and other damages according to proof at trial, including costs and attorneys' fees.

## EIGHTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER STATE LAW
## [CALIFORNIA BUS. & PROF. CODE §17200 and §17203]

71. ASICS repeats and realleges each and every allegation contained in paragraphs 1-70 of the complaint as though fully set forth herein.

72. The Stripe Design mark is wholly associated with ASICS due to its extensive use therefore, and as such, ASICS is deserving of having its mark adequately protected with respect to the conduct of its business.

73. Defendants' wrongful conduct as alleged herein constitutes unfair competition and unfair business practices.

74. Based on the wrongful, unlawful, fraudulent and unfair acts described herein, Defendants are in violation of California Business and

1 | Professions Code Sections 17200 and 17203.

2 | 75.   ASICS has suffered, is suffering, and will continue to suffer irreparable harm and injury for which ASICS has no adequate remedy at law. ASICS is therefore entitled to a permanent injunction against further unfair conduct by Defendants.

76.   Defendants have profited, and are profiting, from such unfair conduct.

77.   ASICS is therefore entitled to recover restitution in the form of Defendants' profits, in an amount to be proved at trial, as a consequence of Defendants' wrongful activities.

## PRAYER FOR RELIEF

WHEREFORE, ASICS prays for judgment that:

1.   Defendants and their officers, agents, servants, distributors, affiliates, employees, attorneys and representatives, and all those in privity or acting in concert with Defendants or on their behalf, be preliminarily and permanently enjoined and restrained from, directly or indirectly:

   (a)   Using the ASICS Stripe Design mark, any other ASICS mark, or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the manufacture, distribution, sale, advertising, marketing and promotion of any footwear, apparel or accessories;

   (b)   Using in any other way any other mark or designation so similar to ASICS' trademark as to be likely to cause confusion, mistake or deception;

   (c)   Falsely designating the origin, sponsorship, or affiliation of the Defendants' products;

   (d)   Otherwise competing unfairly with ASICS in any manner;

   (e)   Using any words, names, styles, designs, titles or marks that create a

|   |   |
|---|---|
| | likelihood of injury to the business reputation of ASICS or a likelihood of dilution of ASICS' Stripe Design mark and the goodwill associated therewith; |
| (f) | Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure ASICS' business and goodwill pertaining thereto; and |
| (g) | Continuing to perform in any manner whatsoever any of the acts complained of in this complaint. |

2. That Defendants be ordered to pay to ASICS the compensatory damages sustained by ASICS in consequence of the unlawful acts alleged herein, and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts as alleged herein.

3. That Defendants be ordered to pay ASICS punitive damages as a consequence of the willful and wonton acts alleged herein.

4. That Defendants be required to account for and pay over to ASICS all gains, profits and advantages derived by them from the unlawful activities alleged herein, and/or as a result of unjust enrichment.

5. That Defendants be required to deliver up for destruction all products, including, but not limited to, all footwear, stationery, signs, advertisements, shopping bags, packaging, brochures, promotional materials, labels, stickers and any other written materials that bear the aforesaid infringing stripe design, together with all plates, molds, matrices and other means and materials for making or reproducing the same.

6. That Defendants be required to pay to ASICS all of their litigation expenses, including, but not limited to, reasonable attorney's fees and the costs of this action.

7. That Defendants pay ASICS' costs of corrective advertising.

/ / /

1  8.  That ASICS be awarded such other and further relief as the Court
2  may deem just and proper.

3  Dated: September 29, 2008     EISENBERG RAIZMAN THURSTON & WONG LLP
4                                                        Adam J. Thurston

5                                                        McCARTER & ENGLISH LLP
6                                                        Michael R. Friscia

7                                                        By _____
8                                                               Adam J. Thurston

9                                                        Attorneys for Plaintiffs, ASICS CORPORATION
10                                                      and ASICS AMERICA CORPORATION

## DEMAND FOR JURY TRIAL

ASICS hereby affirms its demand for a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

Dated: September 29, 2008

EISENBERG RAIZMAN THURSTON & WONG LLP
Adam J. Thurston

McCARTER & ENGLISH LLP
Michael R. Friscia

By _____
Adam J. Thurston

Attorneys for Plaintiffs, ASICS CORPORATION and ASICS AMERICA CORPORATION